# Exhibit 1

7/31/2018 11:18 PM
Chris Daniel - District Clerk Harris County
Envelope No. 26415226
By: Walter Eldridge
Filed: 7/31/2018 11:18 PM

**2018-50883 / Court: 080**

CAUSE NO. _____

| | | |
|---|---|---|
| **DAMIAN EBIRIM** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | **JUDICIAL DISTRICT** |
| | § | |
| **TRANSAMERICA CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| | § | |
| **Defendant.** | § | |
| | § | **HARRIS COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Damian Ebirim, hereinafter called Plaintiff, complaining of and about Transamerica Casualty Insurance Company, hereinafter called Defendant, and for cause of action show unto the Court the following:

#### A. DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 2.

#### B. PARTIES AND SERVICE.

2. Plaintiff, Damian Ebirim resides in 9950 Club Creek Drive, Apt. 608 Houston, Texas 77036

3. Travelex Insurance Services, Inc. is a Delaware Corporation doing business in the State of Texas and may be served through its registered agent C T Corporation System 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136 U SA.

4. Additionally, Transamerica Casualty Insurance Company may also by served with process through the Commissioner of Insurance via: Chief Clerk Office 333 Guadalupe, MC 113-2A P.O. Box 149104, Austin, Texas 78714-9104.

## C. JURISDICTION AND VENUE

4. Both jurisdiction and venue are proper in this court because Plaintiff seeks damages that are within the jurisdictional limit of this Court. Furthermore, the defendant is registered and licensed to do business, and in fact conducts business in Texas and, has therefore purposely availed itself to the privileges of conducting business in Texas and Texas' laws thereof. Further, Plaintiff resides in Harris County Texas.

## E. STATEMENT REGARDING MONETARY RELIEF SOUGHT

5. Pursuant to Texas Rule of Civil Procedure 47(C), Plaintiff seeks monetary relief over $100,000.00 but less than $200,000.00 against TransAmerica Casualty Insurance Company, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees and judgment for all other relief to which Plaintiff is justly entitled. This amount does not include any post judgment interest. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## F. SUMMARY OF FACTS

6. Plaintiff purchased a flight ticket to make a trip to Lagos Nigeria. The travel agent, EROS Tours and Travelex Insurance Services successfully persuaded plaintiff to purchase a travel protection insurance to "protect you in case anything happen during your trip". The agent expanded on all types of coverage including personal injury and accidental death benefits provided by the policy. Plaintiff was sold. At the airport, a malfunction caused the escalator on which plaintiff was riding to reverse-essentially becoming a "de-escalator" instead of escalator. Plaintiff suffered bodily injury. The Airport assumed primary responsibility and rendered first aid as well as a modest compensation for the injury. Plaintiff proceeded on his tip and had to seek medical treatment at his final destination, Lagos Nigeria.

Plaintiff's trip was very brief and had to return to United States where he continued treatment for his injuries. At this point plaintiff notified the defendant who advised plaintiff to provide documentation in support of his claims. Plaintiff, acting pro se, submitted medical records both from the clinic he attended here in United States and the hospital he attended in Nigeria. Defendant did not question the medial record form the United States clinic but flat out denied that the hospital in Nigeria does not exist according to defendant's self-appointed fact finder. Plaintiff provided further evidence. Retained counsel, Mr. Vincent Abazie. Mr. Abazie who had to withdraw from the case due to conflict in schedule. This counsel sent a demand letter to defendant. (See Exhibit A). In response to the demand letter by counsel, defendant finally acknowledged that the hospital existed after all! Now, it question the capacity and the amount of the bill. Defendant, aware of Statute of Limitation, delayed response and unreasonably denied counsel's request for more time to enable both parties conduct further investigation. Defendant's notice of denial of extension request came through a few hours before the Statute of limitation runs out.

## G. NATURE OF ACTION

7. On or about May 23, 2016, Mr. Damian Ebirim purchased a travel Insurance underwritten by Transamerica Casualty Insurance Company, Columbus Ohio, NAIC #10952.

8. The said policy was purchased through EROS TOURS and Travelex Insurance Services.

9. On July 31, 2016, Mr. Damian Ebirim was a passenger on flight 6098 from Atlanta, GA (ATL) to Washington DC (IAD) enroute Lagos Nigeria.

10. Mr. Ebirim took an escalator that was running uphill to go to one of the upper levels of the airport, when a sudden malfunction caused the escalator to reverse.

11. As the escalator was running downhill while Mr. Ebirim was still on it, Mr. Ebirim fell down and sustained contusions on the head, multiple lacerations and abrasions on his knees and other injuries (the incident).

12. Mr. Ebirim still had to embark on his trip due to its nature and did not want to miss his flight, so he did not seek immediate medical attention for his injuries until he arrived his final destination, Lagos Nigeria.

13. On getting to Nigeria, Mr. Ebirim received medical attention for his injuries at Tomade Medical Center Ltd, located at 20 Ebo Street, Ojodu Abiodun, Ogun State, Nigeria.

14. On his return to the United States, Mr. Ebirim continued his medical treatment at Georgia Spinal Health located at 2021 N. Druid Hills Suite 100, Atlanta, GA 30329-1832. At that time, Mr. Ebirim who now resides in Houston Texas resided in Gainesville, GA.

15. Acting Pro Se, Mr. Ebirim submitted a demand for compensation for his injuries as provided for in the Transamerica Casualty Insurance Company insurance coverage.

16. Mr. Ebirim attached medical records from both clinics in Nigeria and the Georgia Spinal health where he received treatment and also attached color copies of pictures of his injuries.

17. Despite these evidence, Transamerica Casualty Insurance Company refused to settle Mr. Ebirim's modest claim which is a serious violation of certain provisions of Texas Insurance Code and Texas Deceptive Trade Practices Act.

18. Mr. Ebirim received a letter from TCIC, dated September 14, 2017 whereby he was informed that his claim had been denied, because the "Tomade Medical Center does not exist".

19. Mr. Ebirim provided additional documentation that Tomade Medical Center does exist, but TCIC still sent a second letter reiterating their decision to deny his claim.

20. TCIC's refusal to deny Mr. Ebirim's claim without conducting a reasonable investigation is contrary to Tex. Ins. Code § 541.060 (a) (7).

21. TCIC violated Texas Business & Commerce Code section 17.46(b), Texas Deceptive Trade Practices Act (DTPA) and specifically misrepresented the public, especially Mr. Ebirim that their basic plan amongst others would provide "emergency medical and dental coverage" and boldly proclaims themselves as "The ultimate in travel protection and emergency travel assistance".

22. Defendant's conduct were the producing cause of injury to Mr Ebirim, which resulted in the loss of actual damages including the loss of policy proceeds and other out of pocket expenses incurred by plaintiff.

23.

CAUSES OF ACTION

### G. COUNT 1- BAD FAITH

24. Plaintiff was insured under an insurance contract Transamerica Casualty Insurance Company, which gave rise to a duty of good faith and fair dealing.

25. The defendant breached the duty by denying/delaying payment of a covered claim when defendant knew its liability under the policy was reasonably clear.

26. Defendant's breach of duty proximately caused injury to plaintiff which resulted in the following damages:

27. Plaintiff seeks damages within the jurisdictional limits of this court.

28. Attorney fees. Plaintiff is entitled to recover reasonable and necessary attorney fees under Texas Insurance Code Chapter 542A.

### H. COUNT 2 – BREACH OF CONTRACT

Defendant breached defendant's contract with plaintiff. Defendant's actions are in violation of the express or implied terms and conditions of the insurance contract and/or reasonable expectations of its insureds as to the terms and conditions of the insurance policy.

### I. COUNT 3-TORT OF OUTRAGE

Insurer's actions were so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Those actions caused extreme emotional distress to Mr. Ebrimi.

### J. COUNT 4- Breach Of Good Faith

Defendant's acts violated Texas Insurance Code chapter 541, subchapter B. Specifically defendant did not attempt in good faith to bring about a prompt, fair, and equitable settlement of the claim once defendant's liability became reasonable clear under the insurance policy. Texas Insurance Code imposes upon the insurer the duty to fairly and properly investigate claims made by policyholders and to makeclaim determinations and evaluations of such claims in good faith. Subsequent to submitting the claim to Insurer for benefits, Insurer has failed to properly investigate and evaluate his claim for loss, and under the facts and circumstances present here, its denial of coverage has been unreasonable and unfair. Furthermore, Insurer's refusal to grant an extension of time to the newly retained counsel to allow time for further investigation and negotiation termination was unreasonable was in breach of its duty of good faith and fair dealing requiring that
all its actions be actuated by good faith, to abstain from deception, and practice honesty and equity in all matters related to the business of insurance.

## I. COUNT 5-<u>DEFENDANT IS IN VIOLATION OF SECTION 17.50 (a) OF DTPA.</u>

Section 17.50(a) of the DTPA provides that a consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) The use or employment by any person of a false, misleading, or deceptive act or practice that is: relied on by the consumer to the consumer's detriment;- here, plaintiff is a consumer for the purpose of DTPA and relied to his detriment, certain representations made by defendant through its agents.

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person; or

(4) the use or employment by any person of an act or practice in violation of Article 21.21, Insurance Code.

## COUNT 6- DEFENDANT IS IN VIOLATION OF SECTION 17.46 (B) OF DTPA

Defendant is in violation of The Laundry List Section 17.46(b) as follows which are deemed to be false, deceptive, or misleading under the Act:

1. Misrepresentation that the insurance policy offered travel protection .
2. Plaintiff relied on defendant's misrepresentations to his detriment.

### I. JURY DEMAND

3. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### J. CONDITIONS PRECEDENT

4. All conditions precedent to the plaintiff's claim for relief have been performed or have occurred. Plaintiff notified defendant of the claim and provided requested information. Defendant unlawfully and unreasonably denied the claim.

## 5. DEFENDANT RULE 194 REQUEST FOR DISCLOSURE

6. Pursuant to Texas Rules of Civil Procedure 194, you are hereby requested to disclose within fifty days after date of service of this Request, the information and the material described in Rule 194.2(a) through (l).

7. More specifically, you are requested to disclose:

8. (a) the correct names of the parties to the lawsuit;

9. (b) the name, address and telephone number of any potential parties;

10. (c) the legal theories and in general the factual basis of Defendants' claims or defenses;

11. (d) the amount of any method of calculating economic damages (for Plaintiff and Defendants);

12. (e) the name, address and telephone number of persons having knowledge of relevant facts and a brief statement of each identified person's connection with the case;

13. (f) for any testifying expert: (1) the expert's name, address and telephone number; (2) the subject matter on which the expert will testify; (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or, if the expert is not retained by, employed, or otherwise subject to the control of the responding party, documents reflecting such information; if the expert is retained by, employed, or otherwise subject to the control of the responding party: All documents, tangible things, reports, models or data compilations that have been provided to, reviewed or for the expert in anticipation of the expert's testimony; and the expert's current resume and bibliography;

14. (g)    any discoverable indemnity and insuring agreements;

15. (h)    any discoverable settlement agreements relating to this case;

16. (i)    any discoverable witness statements;

17. (j)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

18. (k)    in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization furnished by the requesting party:

19. (l)    the name, address, and telephone number of any person who may be designated as a responsible third party.

## L.   PRAYER

20. For these reasons, plaintiff asks that the district clerk issues citation for defendant to appear and answer and that plaintiff be awarded a judgement against the defendant for the following:

    a. Actual damages
    b. Exemplary damages
    c. Prejudgment post judgment interest
    d. Court costs
    e. Attorney fees
    f. All other relief to which plaintiff is entitled.

Respectfully submitted,

WESTCOTT LAW GROUP, P.L.L.C.

By: _____
*(signature)*
Cyril Westcott-Omwirhiren, Esq., JD, LLM
Attorney and Counselor at Law
Texas Bar No. 24089913
Email: mycase@westcottlawgroup.com
9525 Bissonnet Ste., 270
Houston, Texas 77036
Tel. (832) 831-1412

ATTORNEY FOR PLAINTIFFS

# 2018-50883 / Court: 080

# WESTCOTT LAW GROUP, PLLC. 

Attorneys & Counselors at Law
9525 BISSONNET ST SUITE 270 Houston, Texas 77036
TEL: (832) 831-1412 E-mail: mycase@westcottlawgroup.com    Fax: (832) 547-2235

June 15, 2018

Transamerica Casualty Insurance Company
4600 Witmer Industrial Estates, Suite 6
Niagara Falls, NY 14305

RE:  Travelex Insurance
     Group/Confirmation No. 2441368487

**Our Client**: Damian Ebirim

**Claim No.**
**Policy No.**
**Date of Personal Injury:** July 31, 2016

## DEMAND FOR PAYMENT AND NOTICE OF VIOLATION OF INSURANCE CODE AND INTENT TO FILE SUIT

Please take notice that Mr. Damian Ebirim has hired Westcott Law group PLLC to represent him regarding the denial to pay the medical expenses incurred by him, as a result of the injuries he sustained at the Hartsfield–Jackson Atlanta International Airport ("Airport"), on July 31, 2016.

Please consider this letter as a demand for payment before the commencement of a lawsuit against Transamerica Casualty Insurance Company (hereinafter referred to as "TCIC")

We assume that you are familiar with the details of this claim as we are. You may not contact our clients directly.

**Our contract of employment is coupled with an assignment of interest, in which you will please take notice of and protect.**

Summary of Mr. Damian Ebirim Claim:

On July 31, 2016 Mr. Damian Ebirim was a passenger on flight 6098 from Atlanta, GA (ATL) to Washington, DC (IAD). Once at the Airport, Mr. Ebirim took an escalator (the "Escalator") that was running uphill to go to one of the upper levels of the Airport, when a sudden malfunction caused the escalator to reverse, so the Escalator started running downhill while Mr. Ebirim was still riding on it. Mr. Ebirim fell down and sustained contusions on his head, multiple lacerations and abrasions on his knees and other internal injuries (the "Incident").

Mr. Ebirim did not want to miss his flight, so he did not seek immediate medical attention for his injuries, until he was in Nigeria.

Ms. Ebirim received medical attention for his injuries at the Tomade Medical Center LTD, located at 20, Ebo Street, Ojodu Abiodun, Ogun State, Nigeria. He submitted copies of the medical records along with the medical bills for the injuries related to the Incident.

Mr. Ebirim received a letter from TCIC, dated September 14, 2017, whereby he was informed that his claim had been denied, because the "Tomade Medical Center does not exist". Mr. Ebirim provided additional documentation that proved that the Tomade Medical Center does exist. However, TCIC sent a second letter that confirmed the decision to decline his claim.

TCIC refused to pay Mr. Ebirim's claim without conducting a reasonable investigation [Tex. Ins. Code § 541.060(a)(7)].

We are hereby providing TCIC with the medical bills for the injuries sustained by Mr. Ebirim related to the Incident, in order to provide further notice for TCIC to attempt to settle this claim in good faith. Section 541.060(a)(2) of the Texas Insurance Code requires an insurer to "attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear" [Tex. Ins. Code § 541.060(a)(2)].

Based on the foregoing, Mr. Ebirim is making the following demand to prevent further costs and predictable outcome of litigation:

1. Economic and consequential damages - $
2. Mental Anguish - $
3. Attorney Fees - $

This above-demand in the amount of $_____ is within the policy limit and is an attempt to settle this claim without the necessity of litigation and the amount will change significantly as soon as a suit is filed.

If the case proceeds to litigation, Mr. Ebirim will request the following damages from the jury after trial on the merits:

a. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Mr. Ebirim is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policies, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts complained of, Mr. Ebirim will ask for three times his actual damages. TEX. INS. CODE § 541.152

b. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Mr. Ebirim is entitled to the amount of his claim, as well as eighteen (18) percent interest per annum of the amount of such claim as damages, together with attorney's fees

c. For breach of common law duty of good faith and fair dealing, Mr. Ebirim is entitled to compensatory damages, including all forms of loss resulting from TCIC's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount that TCIC owed, exemplary damages and damages for emotional distress.

d.  For fraud, Mr. Ebirim is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations along with attorney's fees, interest and court costs.

e.  For breach of contract, Mr. Ebirim is entitled to regain the benefit of the bargain, which is the amount of his claim, together with attorney fees.

We request that you provide this office with a copy of Mr. Ebirim's insurance policy in your custody. Furthermore, we are requesting information regarding all the correspondence between your office and Mr. Ebirim regarding his claim.

We are requesting a thirty-day (30) window in which TCIC must resolve the violations and pay the total amount due as stated in this letter. If after thirty days TCIC has not resolved this dispute, we intend to file a suit and present this case to the jury for disposition.

If you need more information please do not hesitate to call me at (832) 831-1412. You may also e-mail me at mycase@westcottlawgroup.com or by Efax at (832) 547-2235.

Respectfully,

*[signature]*

Cyril Westcott-Omwirhiren, JD, LLM. (Master of Laws)
Attorney and Counselor.